UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF ILLINOIS,  )<br>)<br>Plaintiff,   )<br>)<br>vs.   )<br>)<br>THOMAS L. STEWART, AEQUITAS, )<br>LLC, d/b/a ALARIS ADR SERVICES, )<br>JENNIFER RUEBEL, LARRY )<br>RUEBEL, M.R., a minor child, and L.R., )<br>a minor child,  )<br>)<br>Defendants.   ) | Case No. 4:20-cv-801 SNLJ |

## MEMORANDUM AND ORDER

Currently before the Court is Safeco's motion for a temporary restraining order ("TRO") and preliminary injunction pursuant to Federal Rule of Civil Procedure 65. Safeco seeks to enjoin defendants from (1) making a final arbitration award including the coverage-related findings from "phase one" of an arbitration, (2) moving to confirm the arbitration findings of June 15, 2020, and (3) conducting "phase two" of further arbitration proceedings, purporting to determine defendant Jennifer Ruebel's alleged claims against Safeco.

Defendant Jennifer Reubel responds that the federal Anti-Injunction Act, 28 U.S.C. § 2283, precludes Safeco's request. The Act states that a "court of the United States may not grant an injunction to stay proceedings in a State court except as expressly

1

authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  Before Safeco filed this lawsuit, defendants M.R. and L.R. filed an application to confirm their arbitration award in the circuit court of Jackson County, Missouri.  Defendant Jennifer Ruebel thus argues that the injunction Safeco seeks would necessarily violate the Anti-Injunction Act because it would impede state court proceedings and none of the Act's exceptions apply.  Further, defendant Ruebel argues that the pre-existing state court action provides Safeco the ability to raise all the issue raised in its complaint and its motion.  Principles of federal court abstention may also apply in light of the pre-existing state court action.

Plaintiff Safeco will be ordered to file a reply memorandum within 24 hours of the issuance of this order addressing the matters raised herein.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file a memorandum within 24 hours of the issuance of this order addressing the matters raised herein.

Dated this 23rd day of June, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE