**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SAFECO INSURANCE COMPANY OF ILLINOIS,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **Case No. 4:20-cv-801 SNLJ** |
| **THOMAS L. STEWART, AEQUITAS, LLC, d/b/a ALARIS ADR SERVICES, JENNIFER RUEBEL, LARRY RUEBEL, M.R., a minor child, and L.R., a minor child,** | ) ) ) ) ) | |
| **Defendants.** | ) ) | |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff Safeco Insurance Company of Illinois ("Safeco") filed this action seeking declaratory and injunctive relief and for an order vacating or modifying an arbitration award that its insured obtained against it.  Defendants are the insured, Jennifer Ruebel; Jennifer Ruebel's minor children, M.R. and L.R., through their Next Friend Larry Ruebel.[1]  Defendants M.R. and L.R. were severely injured in a car accident in a vehicle driven by their mother. Plaintiff Safeco alleges that it did not agree to the arbitration proceeding  among the defendants and that the proceeding, which resulted in a $37 million award against Safeco, was therefore invalid.

---

[1] Plaintiff initially named the arbitrator, Thomas Stewart, and Aequitas,  LLC,  d/b/a Alaris  ADR  Services  ("Alaris"), as defendants, but plaintiff dismissed those defendants on June 25, 2020.

Arbitrator Thomas Stewart issued his decision on June 15, 2020, after a June 9, 2020 arbitration.  The next day, M.R. and L.R. filed an application to confirm their arbitration award in the Circuit Court of Jackson County, Missouri, in *L. R., et al. v. Safeco Ins. Co. of Illinois*, 2016-CV13428.   Plaintiff Safeco and defendant Jennifer Ruebel are named as defendant in that cases.  On June 19, plaintiff Safeco filed the instant lawsuit against Jennifer Ruebel, Larry Ruebel, L.R., and M.R. pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that the arbitration award is invalid.  At the same time, plaintiff Safeco filed a motion for a temporary restraining order ("TRO") and preliminary injunction pursuant to Federal Rule of Civil Procedure 65.  Safeco seeks to enjoin defendants from (1) making a final arbitration award including the coverage-related findings from "phase one" of an arbitration, (2) moving to confirm the arbitration findings of June 15, 2020, and (3) conducting "phase two" of further arbitration proceedings, purporting to determine Jennifer Ruebel's alleged claims against Safeco.

This Court need not reach the substance of plaintiff Safeco's motion for injunctive relief because the pre-existing state court litigation requires this Court to deny the motion and dismiss Safeco's complaint.  The Court invited the plaintiff to brief the matter of federal court abstention, and plaintiff did so, arguing that the principle did not apply here. The doctrine of abstention is applied where a district court declines to exercise or postpone the exercise of its jurisdiction.  *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).  The Supreme Court held that "[a]bdication of the obligation to decide cases can be justified under this doctrine only in the exceptional

2

circumstances where the order to the parties to repair to the state court would clearly

serve an important countervailing interest." *Id.* (quotation omitted).

However, in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995), the United

States Supreme Court elaborated on the abstention doctrine in the context of a federal

declaratory judgment action.  As explained by the Eighth Circuit, the *Wilton* case

> considered the appropriate standard governing a district court's decision to
> dismiss or stay a federal declaratory judgment action during the pendency
> of parallel state court proceedings and adopted the discretionary standard
> set forth in its 1942 decision in *Brillhart v. Excess Ins. Co.,* 316 U.S. 491,
> 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). *See* 515 U.S. at 282–89, 115 S.Ct.
> 2137 (rejecting the "exceptional circumstances" test developed in *Colorado
> River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct.
> 1236, 47 L.Ed.2d 483 (1976) and *Moses H. Cone Mem. Hosp. v. Mercury
> Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) in favor of
> *Brillhart's* discretionary standard). Under *Brillhart,* the district court must
> consider the scope and nature of the pending state court proceeding to
> ascertain whether the issues in controversy between the parties to the
> federal action, not foreclosed under applicable substantive law, can be
> better settled by the state court. *See Brillhart,* 316 U.S. at 495, 62 S.Ct.
> 1173; *Wilton,* 515 U.S. at 282, 115 S.Ct. 2137. If so, the district court must
> dismiss the federal action because "it would be uneconomical as well as
> vexatious for a federal court to proceed in a declaratory judgment suit
> where another suit is pending in a state court presenting the same issues,
> not governed by federal law, between the same parties." *Brillhart,* 316 U.S.
> at 495, 62 S.Ct. 1173.

*Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874–75 (8th Cir. 2000).  As the Eighth

Circuit has noted, "the *Declaratory Judgment Act* is not to be used either for tactical

advantage by litigants or to open a new portal of entry to federal court for suits that are

essentially defensive or reactive to state actions."  *Int'l Ass'n of Entrepreneurs of Am. v.

Angoff*, 58 F.3d 1266, 1270 (8th Cir. 1995).  Although plaintiff Safeco insists that it did

not even know about the defendants' state court application to confirm the arbitration

3

award, Safeco's declaratory judgment filing here can only be described as defensive.

Indeed, Safeco seeks to have the arbitration declared invalid, and its motion requests an

injunction prohibiting the confirmation of the award—a process that has already begun,

and to which it is already a party.

For a district court to have discretion to abstain in a proceeding under the

Declaratory Judgment Act, the

> state court proceeding must present "the same issues, not governed by
> federal law, between the same parties," and the federal court must also
> evaluate "whether the claims of all parties in interest can satisfactorily be
> adjudicated in that proceeding, whether necessary parties have been joined,
> whether such parties are amenable to process in that proceeding, etc."

*Prop. & Cas. Ins. Co. of Hartford v. Walker*, 4:09-CV-2011-SNLJ, 2010 WL 1936035, at

*2 (E.D. Mo. May 11, 2010)  (quoting *Royal Indemnity Company v. Apex Oil Company,*

*Inc.*, 511 F.3d 768, 796 (8th Cir. 2008)).  Here, there is no question that the necessary

parties have already been joined in the state action.  Further, the arbitration is the subject

of the pending state court proceeding and this federal proceeding.  Safeco undoubtedly

contends that its complaint here involves different issues from those raised by the

pending state court action, but the ultimate issue appears to be whether Safeco agreed to

participate as a party to the arbitration.  In L.R. and M.R.'s state court application, they

ask for confirmation of the arbitration award, and both the Federal Arbitration Act

("FAA") and Missouri Arbitration Act allow Safeco to file a motion asking the circuit

court to vacate the award on the basis that it did not agree to arbitrate.  9 U.S.C. § 10; §

435.405 RSMo.  Those statutes also allow Safeco to ask the court for a stay of the

pending "phase two" of the arbitration.  9 U.S.C. § 3; § 435.355 RSMo.  The fact that the

4

FAA is involved is not dispositive, as it does not confer exclusive jurisdiction upon the federal courts.  *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983); [2] *Atkinson v. Grindstone Capital, LLC*, 12 F. Supp. 3d 156, 165 (D.D.C. 2014) (noting that even if "the FAA is the controlling standard, the [] state court would be required to apply it as well, so that circumstance is not decisive in the calculation.")

Safeco relies on *Scottsdale Ins. Co. v. Detco Indus., Inc*., 426 F.3d 994, 996 (8th Cir. 2005), in which the Eighth Circuit reversed the district court's dismissal of a declaratory judgment action between an insurer and its insured.  The district court had determined abstention was appropriate because pending state court actions involved the same subject matter.  The Eighth Circuit noted that a "federal court's obligation to exercise jurisdiction…does not evaporate simply because there is a pending state court action involving the same subject matter." *Id.* at 997-98 (internal quotation omitted). However, the federal court insurance company plaintiff was not a party to the state court actions in that case.  *Id.* at 997.  Here, of course, plaintiff Safeco <u>is</u> a party to the related pending state court action.

For all of the foregoing reasons, this Court will deny plaintiff's motion for TRO and preliminary injunction.  Plaintiff may bring these same claims and file the same

---

[2] "The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976 ed., Supp. IV) or otherwise." *Mercury Constr. Corp.*, 460 U.S. at 26 n.32 (1983).

motion in the pending state court action.  This Court will also grant defendant Jennifer

Ruebel's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for TRO and preliminary
injunction [#5] is DENIED;

**IT IS FURTHER ORDERED** that defendant Jennifer Ruebel's motion to dismiss
[#8] is GRANTED.

**IT IS FINALLY ORDERED** that all remaining pending motions are DENIED as
moot.

Dated this 26th day of June, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE